**ORDERED in the Southern District of Florida on October 2, 2026.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | Case No. 15-28640-RAM |
| SARA I. GARCIA, | Chapter 13 |
| Debtor. | |
| SARA I. GARCIA, | |
| Plaintiff, | |
| vs. | Adv. No. 17-01122-RAM |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding has been pending for nine years. Discovery has been

completed and pending before the Court is Defendant, Bank of America, N.A.'s ("BANA's") Motion for Summary Judgment and Incorporated Memorandum of Law [DE# 622] (the "Summary Judgment Motion"). The Plaintiff, Sara Garcia ("Plaintiff" or "Ms. Garcia") had a full and fair opportunity to conduct discovery, and to respond to the Summary Judgment Motion by filing a Statement of Material Facts and by filing a memorandum addressing the legal arguments presented by BANA in the motion. She has done neither. For the reasons described below, BANA has shown that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. The Summary Judgment Motion will be granted, and the Court will enter a final judgment dismissing Plaintiff's Complaint.

**Brief Summary of the Complaint**

BANA loaned the Plaintiff about $230,000 in August 2007 to finance the Plaintiff's purchase of a vacant lot located at 2810 SW 102nd Place, Miami, Florida 33165 (the "Property"). The Plaintiff purchased the Property and executed a note and mortgage in favor of BANA. The dispute started when the Plaintiff was unable to obtain a construction loan from BANA to build a house on the Property. Plaintiff claims that BANA promised to give her a construction loan and that without this commitment, the Plaintiff would not have borrowed money from BANA to acquire the Property.

The Plaintiff seeks a judgment finding that the note and mortgage are void *ab initio* and unenforceable and seeks affirmative relief from BANA under several common law theories and under several federal statutes. The Court accepts Plaintiff's allegation that she would not have purchased the Property unless she believed she would obtain a

separate construction loan from BANA to build a house on the Property. But the Plaintiff has not provided any record evidence that would justify denying BANA the right to enforce its note and mortgage or support an award of damages against BANA under any legal theory asserted in the complaint.

The Court had serious doubts about any of Plaintiff's claims surviving a statute of limitations defense when the Court considered BANA's motion to dismiss Plaintiff's Amended Complaint in 2018. *See* Order (1) Granting in Part and Denying in Part Bank of America, N.A.'s Motion to Dismiss; (2) Setting Filing Deadlines; and (3) Cancelling Pretrial Conference [DE# 116] (the "Order on Motion to Dismiss"). But as stated in that Order, the motion to dismiss several of the counts based on the applicable statute of limitations was denied because "the Plaintiff has alleged ongoing misconduct by BANA and her more recent discovery of documents that may defeat a statute of limitations defense" [DE# 116 at 2]. Based on the proffer of facts that could defeat a statute of limitations defense, the Court denied the motion to dismiss without prejudice to BANA raising the same defenses in a motion for summary judgment after the Plaintiff had an opportunity to conduct discovery.

It has taken a long time to get to the summary judgment stage and despite a full and fair opportunity to conduct discovery, the Plaintiff has not put forth record evidence to defeat the statute of limitations defense applicable to all counts of the Complaint nor put forth evidence to establish genuine issues of material fact on factual allegations establishing the elements of any count in her Complaint.

A more detailed factual and procedural history follows.

**Facts and Procedural History**

Ms. Garcia filed for chapter 13 bankruptcy in October of 2015. Case No. 15-28640-RAM (the "Garcia Bankruptcy"). BANA timely filed its Proof of Claim 4-1 in 2016. After almost nine years without a confirmed plan, the Garcia Bankruptcy was dismissed with the consent of Ms. Garcia. *See* Garcia Bankruptcy, DE# 668.

On March 20, 2017, the Plaintiff filed this adversary proceeding against BANA and several other defendants. BANA filed [BANA's] Motion to Dismiss Plaintiff's Complaint or in the Alternative Motion for More Definite Statment [sic] [DE# 9], and the Plaintiff filed her Amended Complaint for Validity/Priority/Extent of Lien; False Pretenses, False Representation, Actual Fraud; Monitary [sic] & Punitive Damages; Restitution Declaratory Judgment & Injunctive Relief; & Sanctions [DE# 13] (the "First Amended Complaint"). After a July 2017 hearing, the court entered an order dismissing the amended complaint and giving the Plaintiff leave to amend pursuant to specific requirements. *See* Order on Pending Motions and Order Setting Deadline for Plaintiff to File a Second Amended Complaint [DE# 62].

The Plaintiff then filed her Second Amended Complaint for Validity/Priority/Extent of Lien; False Pretenses, False Representation, Actual Fraud; Monitary [sic] & Punitive Damages; Restitution Declaratory Judgment & Injunctive Relief & Sanctions [DE# 86] (the "Second Amended Complaint") and Plaintiff's Supplemental Second Amended Complaint [DE# 93] (the "Supplemental Complaint") (collectively, the "Complaint"), which together amount to over two-hundred pages of allegations against BANA.

BANA again moved to dismiss the Complaint, stating that the Plaintiff had for the

third time failed to state a cause of action against it. *See* DE# 96 at 2. The Plaintiff filed a response in opposition, to which BANA replied. *See* DE## 105, 106. The Plaintiff then filed an opposition to BANA's reply. *See* DE# 107.

The Court held a hearing in February of 2018 on the motion to dismiss and subsequently entered an order dismissing several counts contained in the Complaint but denying the motion as to the other counts without prejudice to BANA re-raising its arguments on summary judgment. *See* Order on Motion to Dismiss. Though the Court acknowledged that "[t]he transactions at issue in this proceeding occurred in 2007 and therefore all, or virtually all of the claims, may ultimately be barred under applicable statutes of limitation[s]," at the hearing Ms. Garcia claimed that there was ongoing misconduct by BANA and that she might have additional evidence. *See id.* at 2. The Court's position was that the most efficient way to move this proceeding forward was to deny BANA's motion to dismiss without prejudice as to most of the counts. *See id.* This afforded the Plaintiff an opportunity to conduct discovery and, if possible, establish facts and evidence to fortify her claims. As explained in more detail below, the Plaintiff has failed to do so.

Pursuant to the Order on Motion to Dismiss, the remaining counts of the Complaint are: Count I – Discrimination, Count II - Common Law Fraud, Count V - Objection to Claim, Count IX - Corrupt Organizations Act ("RICO"), Count XII - Unjust Enrichment, Count XIII - Breach of Fiduciary Duty, Count XVI - Truth in Lending Act, Count XVIII - Fair Debt Collection Practices Act ("FDCPA"), Count XIX - Real Estate Settlement Procedures Act, Count XXI - Equal Credit Opportunity Act. *See id.* at 3-4.

The Defendant filed its Summary Judgment Motion on June 20, 2025, along with its Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment [DE# 623] (the "SOF"). On June 24, 2026, the Court entered an Order Setting Briefing Deadlines and Hearing by Video Conference on Summary Judgment Motion [DE# 624]. That Order scheduled a hearing on September 3, 2025 on the Summary Judgment Motion and set a July 25, 2025 deadline for the Plaintiff to file a response and a Statement of Material Facts. On July 25, 2025, the Plaintiff filed Plaintiff, Sara I. Garcia Response in Opposition to Bank of America, N.A.'s Motion for Summary Judgment; Incorporated Memorandum of Law & Undisputed Material Facts in Support of its Motion For Smmary [sic] Judgement [sic] [DE# 632] (the "MSJ Response"), to which the Defendant filed [BANA's] Reply Memorandum of Law in Support of Motion for Summary Judgment [DE# 633] and [BANA's] Reply Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment [DE# 634] (the "Reply SOF").

In the Reply SOF, BANA pointed out that the MSJ Response "did not include a separate and contemporaneously filed Statement of Material Facts as required by this Court's Order Setting Briefing Deadlines and Hearing by Video Conference on Summary Judgment Motion [ECF 624]." DE# 634 ¶ 1. As such, BANA argued that the Court could consider the SOF as undisputed. *See id*. (citing Fed. R. Civ. P. 56(e)(2) and (3)).[1] The Court has considered the arguments presented by the Plaintiff regarding the facts in the

[1] Shortly before a hearing on the Summary Judgment Motion, the Plaintiff also filed Plaintiff, Sara I. Garcia Supplemental Response in Opposition to Bank of America, N.A.'S Motion for Summary Judgment; Incorporated Memorandum of Law & Undisputed Material Facts in Support of its Motion for Smmary [sic] Judgement [sic] [ECF 622, 623 & 633] [DE# 635], which the Court allowed the Defendant to respond to after the hearing in [BANA's] Surreply Memorandum of Law in Support of Motion for Summary Judgment [DE# 640]. The Court has reviewed and considered the arguments contained in both.

case notwithstanding her failure to file a separate Statement of Material Facts. The Court finds that none of the Plaintiff's arguments, many of which just rehash prior rulings in the proceeding that Plaintiff believes were wrong, create a genuine issue of material fact that would preclude summary judgment. Therefore, the Court is accepting BANA's Statement of Material Facts.

The Plaintiff's MSJ Response also complained that the Plaintiff had been prevented from taking discovery. The record refutes this claim. After a long abatement of the proceeding, on February 28, 2025, the Court entered an Order Setting Deadlines [DE# 605]. That Order set a deadline of April 28, 2025 for the parties to complete discovery. Plaintiff sought rehearing [DE# 607] and on March 19, 2025, the Court entered its Order Setting Filing Deadlines on Motion for Rehearing [DE# 608] (the "March 19th Order"). The March 19th Order gave the Plaintiff an opportunity to seek further discovery and to extend the discovery deadline. Specifically, the Order stated that "[b]y April 2, 2025, the Plaintiff must file a Statement of Requested Discovery describing the discovery she seeks from the Defendant or from third parties and providing an estimate of how much time will be required to complete discovery." *Id.* ¶ 1. The Order stated further that "[i]f the Plaintiff fails to file a Statement of Requested Discovery or if the Statement that is filed fails to describe discovery that is relevant to the issues in this proceeding, the Court will enter an Order denying the Motion for Rehearing and the deadlines in the Order Setting Deadlines [DE 605] will remain in place."

The Plaintiff did not file a Statement of Requested Discovery and, in accordance with the March 19th Order, on April 8, 2025, the Court entered its Order Denying Motions

to Reconsider [DE# 611]. That Order confirmed that the April 28, 2025 discovery deadline remained in effect.[2] In sum, the plaintiff had a full and fair opportunity to conduct discovery, and discovery was closed when BANA filed the Summary Judgment Motion,

The Court will not burden the record further by providing a detailed procedural history. Suffice it to say, there are now 665 docket entries in this proceeding with only a limited number focused on the claims and defenses. Rather, the docket reveals that the Plaintiff has moved the Court to vacate or reconsider a significant percentage of the Orders entered in this proceeding even, on several occasions, seeking to vacate orders denying motions to vacate. In addition, the Plaintiff has filed no fewer than nine (9) appeals or motions for leave to appeal, none of which resulted in the district court overturning any of this Court's Orders.

What the plaintiff has not done is taken a single deposition, propounded any third-party discovery or otherwise obtained or produced documents substantiating her claims and, in particular, providing any factual basis to toll otherwise applicable statutes of limitation.

Returning to the undisputed material facts, the Defendant submitted evidence showing that the Plaintiff entered into a contract for the sale of vacant for the purchase of the Property. *See* SOF ¶ 8. The parties to this contract were the Plaintiff and Ana B.

---

[2] The April 8th Order acknowledged the Plaintiff's argument that she wanted the district court to administer this proceeding and advised the Plaintiff that to pursue this goal, she needed to file a Motion to Withdraw the Reference. She did not file a Motion to Withdraw the Reference until September 29, 2026 [DE# 659], long after the Summary Judgement Motion was fully briefed and just two days before the entry of this Order. The Motion to Withdraw the Reference will be transmitted to the district court, as procedurally it must, but the filing of the motion did not divest this Court of jurisdiction to enter this Order granting the Summary Judgment Motion.

Pujol, the seller of the Property. *See id.* ¶ 9. BANA was not a party to the contract. *See id.* Pursuant to that contract, she agreed to rely on the seller, professional inspectors and governmental agencies for verification of the Property condition and facts that materially affected the Property's value. *See id.* ¶ 18.

The Plaintiff applied for a loan from BANA on August 20, 2007, in the original principal amount of $229,351.60. *See id.* ¶ 19. BANA employee Ms. Maria Castillo originated the loan. *See id.* ¶ 20. The real estate closing was held on September 19, 2007. At the closing, the Plaintiff signed a settlement statement certifying that she had reviewed it and that to the best of her knowledge and belief, it reflected a true and accurate statement of all receipts and disbursements made on her account or by her in the loan transaction. *See id.* ¶ 27. The Mortgage was recorded on September 25, 2007, in the Official Records of Miami-Dade County, Florida at Book 25949 at Page 1977. *See id.* ¶ 30. BANA did provide the Plaintiff with a Disclosure Statement at closing. *See id.* ¶ 33.

In 2008, the Plaintiff discovered that did not receive what she thought she had bargained for. The Plaintiff alleges that the Defendant led her to believe she would obtain a construction loan. She states that she would not have purchased the Property unless she believed she could obtain a loan to build a house on the Property.

A hearing on the Summary Judgment Motion and associated responses was held on September 3, 2025 (the "Summary Judgment Hearing"). *See* Transcript of 9/3/2025 Hearing [DE# 644]. The Court set a bench ruling for July 23, 2026, on the Summary Judgment Motion. *See* DE# 648. The bench ruling was rescheduled for September 30,

2026, after the Plaintiff filed an emergency motion to continue. *See* DE# 651. After the Plaintiff filed another motion to continue [DE# 653], the Court decided to cancel the bench ruling and issue a written Order on the Summary Judgment Motion. *See* September 21, 2026 Order Cancelling Bench Ruling and Denying Motion to Continue as Moot [DE# 657] (the "September 16th Order").[3]

Now, through this Order, the Court is granting the Summary Judgment Motion and resolving almost ten years of litigation.

**Summary Judgment Standard**

Granting a motion for summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (incorporated here by Fed. R. Bankr. P. 7056). The movant bears the initial burden of establishing that they meet this standard. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *In re 274 Atl. Isles, LLC*, 651 B.R. 319, 326–27 (Bankr. S.D. Fla. 2023). The Court will find that a dispute is "genuine" if a trier of fact could reasonably find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) ("[T]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.").

[3] After the Court entered the September 16th Order, the Plaintiff filed several additional motions that the Court is denying by separate Order.

If the moving party meets its burden "by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, Federal Rule of Civil Procedure 56(e) shifts to the non-moving party the burden of presenting specific facts showing that such contradiction is possible." *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990). This showing much be more than a mere "scintilla"; the party must be able to show that the trier of fact could reasonably find for it. *See id.* at 1577.

The Court has and will continue to construe the pro se Plaintiff's filings liberally. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) ("We liberally construe *pro se* filings."). Still, the Court finds that BANA has met its burden of showing it is entitled to summary judgment, and the Plaintiff has not presented anything of substance to the contrary.

**<u>Count I- Discrimination</u>**

A. Fair Housing Act

The Plaintiff alleges that she was the victim of "[BANA's] pattern of discrimination and denial of rights." *See* Second Amended Complaint at 101. She alleges that its actions constitute discrimination under the Fair Housing Act, 42 U.S.C. §§ 3601-3619 (the "FHA"), which makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

There are several deficiencies in the FHA claim. First, the Plaintiff incorporates news articles that report on settlements involving BANA, *see* Second Amended Complaint

at 5-16, but fails to proffer intelligible facts which could establish that she was personally discriminated against. She alludes to BANA's "pattern or practice of discrimination," invoking section 3614 of the FHA which provides that "[w]henever *the Attorney General* has reasonable cause to believe that any person or group of persons is engaged in a *pattern or practice of resistance* to the full enjoyment of any of the rights granted by this subchapter…the *Attorney General* may commence a civil action." 42 U.S.C. § 3614(a) (emphasis added); *see* Second Amended Complaint at 101. Not only does she fail to establish a pattern,[4] but she is citing a section of the FHA which details enforcement by the Attorney General of the United States, not a private right of action. *See* 42 U.S.C. § 3614(a).

Moreover, even if Plaintiff was bringing a claim under section 3613 of the FHA (enforcement by private persons), such claim would be barred because the statute of limitations has run. *See* 42 U.S.C. § 3613(a)(1)(A). Section 3613 provides that an "aggrieved person" may commence a civil action under the FHA "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice…to obtain appropriate relief with respect to such discriminatory housing practice or breach." 42 U.S.C. § 3613(a)(1)(A). The Plaintiff applied for the loan at issue in 2007, the loan transaction closed in 2007, and the mortgage was recorded in September 2007. *See* SOF ¶¶ 26-30. The Plaintiff did not file her initial complaint until 2017, just over ten years after the mortgage was recorded and well over the two-year statute of limitations. *See* DE# 1. The Plaintiff has not explained nor presented any evidence as to how the statute

[4] "Isolated or sporadic acts of discrimination are insufficient to prove a pattern or practice under the FHA." *United States v. Big D Enters., Inc.*, 184 F.3d 924, 930 (8th Cir. 1999).

of limitations was tolled.

B. Constitutional Claims

The Plaintiff alleges that she has been deprived of her rights under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. *See* Second Amended Complaint at 103-104.

These claims also fail. BANA is a privately owned financial institution, not a state actor. *See* SOF ¶¶ 1-2. To bring a claim under 42 U.S.C. § 1983, "the conduct complained of must have been committed by a person acting under color of state law." *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). Similarly, the Fourteenth Amendment protects individual persons from actions done by the state, not acts of private entities. *See Hernandez v. Echarte*, No. 24-CV-20766, 2024 WL 1209802, at *4 (S.D. Fla. Mar. 20, 2024) ("[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities.") (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)).

Accordingly, BANA is entitled to summary judgment on Count I.

**Count II- Common Law Fraud**

Plaintiff alleges that the Defendant engaged in "common law fraud" when it "through false statements (by fraudulent inducement (advice and false promise)) that Ms. Castellanos, knew were false and deceiving when made, steered the (minority) Plaintiff, a BoA customer (for over a decade that at times, had deposits of over $100,000.00) that reasonably trusted and relied on her statements, into multiple 'bad' discriminatory loans,

eventually into the subject, completely fraudulent, loan, by a false promise that the BoA 'loan officer' never meant to keep…" Second Amended Complaint at 105-06.

The limitations period for common law fraud claims under Florida law begins when "the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." *Speier-Roche v. Volksw Agen Grp. of Am. Inc.*, No. 14-20107-CIV, 2014 WL 1745050, at *6 (S.D. Fla. Apr. 30, 2014) (quoting *Ishii v. Welty,* 1998 U.S. Dist. LEXIS 21248, at *16–17 (M.D. Fla. Sep. 30, 1998)). Plaintiff's claim is subject to a four-year statute of limitations. *See id.*; Fla. Stat. § 95.11(3).

As stated by BANA in its Summary Judgment Motion, the Plaintiff admits that she knew in 2008 that she did not receive the loan product that she expected. *See* SOF ¶ 44. All "fraudulent" promises were made before the mortgage at issue was executed in 2007. She did not bring this adversary proceeding until 2017. The statute of limitations had run by that point. The Plaintiff has not provided a viable, coherent argument or presented any material facts in dispute that if decided in her favor would toll the statute of limitations.

Accordingly, BANA is entitled to summary judgment as to Count II.

**<u>Count V- Objection to Proof of Claim No. 4</u>**

As previously stated, the Garcia Bankruptcy has been dismissed. As a result, the claim objection is moot, and the Court will grant BANA summary judgment on Count V. *See Steed v. Educational Credit Management Corp. (In re Steed)*, 614 B.R. 395, 411 (Bankr. N.D. Ga. 2020) (finding that claim objections brought through an adversary

proceeding were moot after dismissal of the lead bankruptcy because "the claim objection itself is no longer a bankruptcy matter as there is no estate against which a claim may be allowed or disallowed… [whether the debt is valid] is now purely a state law dispute between a debtor and a creditor.").

**Count IX - Corrupt Organizations Act ("RICO")**

The Plaintiff alleges that the Defendant "in cahoots [with other prior co-defendants], ha[s] continually manifested open-ended conduct and through unethical law firms ha[s] continually shown a pattern of racketeering activity for nearly a decade… among other acts also related that have and will continue to pose a threat of continued criminal activity." Second Amended Complaint at DE# 111-12. According to the Plaintiff, BANA's actions amount to violations of the Civil Racketeer Influenced and Corrupt Organizations ("RICO") Act. 18 U.S.C.A. § 1961 et seq.

The RICO claims are also barred by the running of the applicable statute of limitations. "[T]he statute of limitations under RICO is four years from the date the plaintiff knew it was injured." *Pac. Harbor Cap., Inc. v. Barnett Bank, N.A.*, 252 F.3d 1246, 1251 (11th Cir. 2001), *as amended* (July 3, 2001). The Plaintiff admits to being aware of the actions which she alleges violated RICO in 2008. *See* SOF ¶ 44. She does not volunteer any reason that the statute of limitations should be tolled in this situation. Accordingly, the Court finds that the RICO claims are also barred by the statute of limitations.

Even if the statute of limitations had not run, the Plaintiff fails to plead or in any way prove the elements of a civil RICO claim. "[T]o establish a federal civil RICO

violation, the plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Williams v. Mohawk Indus. Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006)).

Rather than outlining how BANA's conduct falls into the four elements enumerated above, the Plaintiff baldly concludes that:

> The Defendants in cahoots, have continually manifested open-ended conduct and through unethical law firms have continually shown a pattern of racketeering activity for nearly a decade, pursuant to 18 U.S.C. § 1961(5), which include violating federal mail and wire fraud statutes. (18 U.S.C. §§ 1341, 1343 ), among other acts also related that have and will continue to pose a threat of continued criminal activity.

Second Amended Complaint at 112.

Even viewing the facts as alleged by the Plaintiff in a favorable light, these generalized allegations do not support a RICO claim.

For these reasons, the Defendant is entitled to a judgment as a matter of law as to Count IX.

**<u>Count X- Gross Negligence</u>**

Next the Plaintiff alleges that the BANA engaged in actions which amount to gross negligence. As BANA notes, negligence actions in Florida are governed by a two-year statute of limitations. Summary Judgment Motion at 14 (citing Fla. Stat. § 95.11(5)(a)). As BANA also notes, at the time of the filing, the applicable statute of limitations was four years. *Id.* (citing *Greenberg v. Wells Fargo*, N.A., No. 8:14-CV-2071-T-17MAP, 2015

U.S. Dist. LEXIS 48922, at *5 (M.D. Fla. Apr. 14, 2015)). BANA claims that, either way, Count X is barred as the allegations in the Second Amended Complaint stem from the 2007 purchase of the Property. The Court agrees.

The Plaintiff claims that she "discovered" that the title of the Property was defective in 2016, but, again, all actions regarding the sale of the property took place in 2007. *See* Second Amended Complaint at 112. She has not provided any evidence demonstrating defective title, or that the Defendant committed any negligent actions in 2016. Her claims regarding the survey and rushed closing all would have occurred in 2007. *See* Second Amended Complaint at 112. Regardless, under Florida law, the Plaintiff's negligence claims are not subject to the delayed discovery rule. *See* Carrington Cap. Mgmt., LLC v. Carr, No. 2:15-CV-14191H, 2015 WL 6865750, at *3 (S.D. Fla. Nov. 9, 2015) ("Under current Florida law, the delayed discovery rule does not apply to *general* negligence claims."); *see also* McConley v. Wells Fargo Bank, N.A., No. 4:24CV484-MW-MAF, 2025 WL 3190880, at *6 (N.D. Fla. Oct. 15, 2025) (finding the same).

BANA is therefore entitled to summary judgment on Count X.

**Count XI- Negligent Misrepresentation**

Regarding negligent misrepresentation, the Plaintiff claims that "[a]mong other revelations, the BANA package contained documents exposing that the Defendants' maliciously, in bad faith, and negligent misrepresentation caused Plaintiff irreparable harm, by fraud, egregious conduct and predator lending practices for unjust enrichment." Second Amended Complaint at 113.

At the time of the filing, claims for negligent misrepresentation had to be brought

within four years of the claim's accrual, or when the last element constituting the cause of action occurs. *See Bedtow Grp. II, LLC v. Ungerleider*, 684 F. App'x 839, 841 (11th Cir. 2017). The only way the statute of limitations could be tolled was under the "delayed discovery rule" which would postpone the running of the statute of limitations until the facts which gave rise to the cause of action were discovered or should have been discovered with due diligence. *See id.*

Yet again the Court finds that the statute of limitations applies. All the alleged misrepresentations occurred in 2007, and the Plaintiff herself admits that she realized in 2008 that she did not receive the loan she expected. There was no delayed discovery of the material facts by the Plaintiff that could render this claim timely.

Accordingly, the BANA is entitled to summary judgment as to Count XI.

**Count XII- Unjust Enrichment**

The Plaintiff's claim for unjust enrichment similarly fails. Florida law provides for a four-year statute of limitations for unjust enrichment claims. *See* Fla. Stat. § 95.11(3)(k). Plaintiff's unjust enrichment claim has to do with the loan transaction which occurred in 2007. *See* Second Amended Complaint at 114. For the same reasons as above, the Plaintiff has not presented later-discovered facts that would support the otherwise time-barred unjust enrichment claim.

Accordingly, BANA is also entitled to summary judgment as to Count XII.

**Count XIII- Breach of Fiduciary Duty**

Plaintiff's claim for breach of fiduciary duty stems from her alleged relationship with the potential BANA employee "Ms. Castellanos" who had "passed the arm's length

relationship by befriending the Plaintiff and repeatedly advising her." Second Amended Complaint at 115. BANA claims that "Ms. Castellanos" is Ms. Maria Castillo, the employee who originated the loan at issue. *See* SOF ¶ 20. The Plaintiff admits that she never communicated with Ms. Castillo outside of business hours, nor did they interact outside of the bank or beyond business hours in any capacity. *Id.* ¶ 23. The Court addressed the Castellanos/ Castillo issue at the Summary Judgment Hearing, where Ms. Garcia contradicted the Complaints and claimed to never have met Ms. Castillo. *See* Transcript of 9/3/2025 Hearing (DE# 644, 56:12). BANA's evidence established that no person named Maria Castellanos was ever employed by BANA and established further that Maria Castillo was the loan officer on the loan. Plaintiff could have but chose not to depose Ms. Castillo, and instead stubbornly insisted that the loan officer was Maria Castellanos.

The Court need not resolve the Castellanos/ Castillo issue and the nature of the relationship with Ms. Garcia, as Count XIII is similarly barred by the statute of limitations. The statutory period for filing a claim breach of fiduciary duty under Florida law is four years. *See Valentino v. Bond*, No. 3:06CV504/MCR, 2008 WL 3889603, at *8 (N.D. Fla. Aug. 19, 2008) ("The statutory period for filing such claims [for breach of fiduciary duty] is four years.") (citing Fla. Stat. § 95.11(3)(o)(p)). This cause of action accrues "when the last element constituting the cause of action occurs." *See* Fla. Stat. § 95.031(1).

According to the Second Amended Complaint, the breach of fiduciary duty occurred in connection with the 2007 loan transaction at issue, when Castellanos/ Castillo allegedly befriended Ms. Garcia and a fiduciary relationship developed. Therefore, the

Court must grant summary judgment to BANA as to Count XIII as the statute of limitations has run.

**Count XVI – Truth in Lending Act (“TILA”)**

Truth in Lending Act (“TILA”) requires lenders to provide certain disclosures to borrowers when engaging them in “consumer credit transactions.” *See* 15 U.S.C. § 1631(a). Ms. Garcia alleges that BANA failed to make such disclosures. *See* Supplemental Complaint at 18.

Yet again, Plaintiff’s claim under TILA is time-barred by the statute of limitations. “A one-year limitations period applies to claims seeking monetary damages, whereas a plaintiff seeking rescission must bring an action within three years of the violation or before the home is sold, whichever is first.” *Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 202–03 (D.D.C. 2009) (citations omitted); *see* 15 U.S.C. §1640(e). The statute of limitations period begins on the date of the violation. *See* 15 U.S.C. §1640(e). It is therefore immaterial that “[p]laintiff discovered Defendants' other TILA violations as recently as in the bankruptcy proceedings,” an assertion that is neither explained nor backed up by evidence. *See* Supplemental Complaint at 19. The Plaintiff is truly claiming that BANA failed to make TILA required disclosures before the loan transaction, which was in 2007. *See id.*

Although equitable tolling can apply to TILA actions, the Plaintiff has not demonstrated that it should apply here. *See Harris v. CitiMortgage, Inc.*, 878 F. Supp. 2d 154, 160 (D.D.C. 2012) (finding that the limitations period under TILA is not jurisdictional and could be equitably tolled). Because the Plaintiff knew or reasonably

should have known about missing disclosures at the time she made her loan application, and no inequitable circumstances have been demonstrated, equitable tolling and delayed discovery have no application here. *See Barnes v. Compass Bank*, 568 Fed. Appx. 743, 745 (11th Cir. 2014) (finding that an untimely TILA suit should be dismissed as the plaintiff should have reasonably received TILA disclosures); *see also Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706–08 (11th Cir.1998) (holding that equitable tolling is only available for stale TILA claims if the plaintiff was prevented from initiating those claims "due to inequitable circumstances").

For these reasons, the Court is granting BANA summary judgment on Count XVI.

**Count XVIII - Fair Debt Collection Practices Act ("FDCPA")**

The Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA") stem from BANA's foreclosure activity. *See* Supplemental Complaint at 21. The foreclosure case involving the Property was filed in 2012 (Miami-Dade County Case No. 12-14396-CA-06) and dismissed without prejudice on March 24, 2014. The Plaintiff has not articulated nor provided evidence of other collection activities that might be actionable under FDCPA.

FDCPA claims must be brought within one year of the date on which the violation occurred. *See* 15 U.S.C. §1692k(d). That is "when the alleged FDCPA violation *occurs*, not the date on which the violation is *discovered*." *Rotkiske v. Klemm*, 589 U.S. 8, 15 (2019) (emphasis added). As with her other time-barred claims, she has failed to make a case for equitable tolling.

Because the Plaintiff has not alleged or demonstrated any collection activities

within a year of the filing of her initial complaint, the Court grants summary judgment as to Count XVIII.

**Count XIX – Real Estate Settlement Procedures Act (“RESPA”)**

The Plaintiff further claims that BANA’s actions before the loan transaction violated the Real Estate Settlement Procedures Act (“RESPA”). *See* Supplemental Complaint at 23-24. Though the exact series of actions that allegedly violate RESPA are difficult to parse, these claims essentially stem from Ms. Castellanos/ Castillo and BANA fraudulently inducing her into the “bad” loan, which was not the construction loan she expected. *See id.* at 24. These actions occurred in 2007.

RESPA mandates that certain information be provided to borrowers at the closing of their loan and servicing of escrow accounts. *See* 12 U.S.C. § 2601 et. seq. Depending on the provision, the statute of limitations can be one year or three. *See* 12 U.S.C. § 2614. The Plaintiff does not designate a provision, but as BANA points out, these claims are time-barred whether the statute of limitations is either one or three years.

Accordingly, the Court must grant summary judgment to BANA as to Count XIX.

**Count XXI – Equal Credit Opportunity Act (“ECOA”)**

Lastly, the Plaintiff claims that BANA violated the Equal Credit Opportunity Act (“ECOA”) for “its activities constituting discrimination, for its unlawful conduct for discriminating against Plaintiff in relationship to her race.” Supplemental Complaint at 26. The alleged discrimination appears to stem from BANA’s targeting the Plaintiff for racial reasons, which would have occurred during the loan transaction in 2007, though the Plaintiff does not give exact dates and actions.

The ECOA has a five-year statute of limitations period. *See* 15 U.S.C. § 1691e(f). The statute of limitations begins to run on the date the violation. *See Wiltshire v. Dhanraj*, 421 F. Supp. 2d 544, 557 (E.D.N.Y. 2005). The Plaintiff has not provided a timeline regarding the actions which allegedly violated the ECOA. However, she appears to describe BANA's conduct in the lead up to the loan transaction, which would have occurred sometime in 2007. *See* Supplemental Complaint at 26.

Accordingly, the Court must grant summary judgment to BANA as to Count XXI.

**Conclusion**

The Court has given Ms. Garcia more than ample time to pursue her claims over the past nine years. Though the Court is understanding of her health issues as well as the difficulties of proceeding *pro se*, this matter must come to an end. BANA has met its burden of showing that there is no question of material fact and that it is entitled to judgment as a matter of law. Accordingly, the Court ORDERS as follows:

1. The Summary Judgment Motion is granted.
2. The Court will enter a separate Final Judgment dismissing the Complaint with prejudice.

###

Copies to:

Mark E. Steiner, Esq.

**CLERK TO SERVE:**

Sara I Garcia
828 East 24th Street

Hialeah, FL 33013

Courtesy copy to Sara I. Garcia at God.esq@gmail.com